McClellan v. Perry.

---

## John J. McClellan
### v.
## James G. Perry.

*Negotiable Instruments—Note—Consideration—Failure of—Replication —Sufficiency of.*

1. The allegation that a certain note is canceled, will not fulfill an agreement to return the same upon the delivery of other notes in its place.

2.   In an action upon a promissory note, the defendant contending that
the same was assigned to the plaintiff after maturity, and that the consider-
ation therefor had wholly failed, this court holds that the plaintiff's replica-
tion to the defendant's plea setting forth the circumstances under which
the same was given, was bad, it containing merely the pleader's conclusion,
and not a statement of facts, and that the demurrer thereto should have
been sustained.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon.
JULIUS S. GRINNELL, Judge, presiding.

Mr. LEMUEL H. FOSTER, for appellant.

Messrs. H. T. & L. HELM, for appellee.

GARNETT, J.   This was a suit commenced December 21,
1888, on a promissory note made by appellant March 30, 1888.
Appellant set up by special plea that the note was assigned to
appellee after maturity, and that the consideration therefor
had wholly failed; that Vanuxem, Waller & Slocum held a
promissory note of the defendant for $586, dated August 20,
1887, and it was agreed between defendant and Vanuxem,
Waller & Slocum in settlement and payment of the note for
$586, that they, Vanuxem, Waller & Slocum, would receive
from defendant in settlement and payment thereof, two notes
of defendant, dated March 30, 1888, one for $200, payable sixty
days from date, and one for $273.80, payable four months from
date, and that Vanuxem, Waller & Slocum would surrender
the note for $586, and in pursuance of that agreement defend-
ant executed and delivered to Vanuxem, Waller & Slocum on
March 30, 1888, his two notes of that date, one for $200, pay-
able sixty days from its date and the other for $273.80 pay-
able four months from its date, both to the order of defendant,
indorsed by him and delivered to Vanuxem, Waller & Slocum;
that they, upon receiving the two last described notes, prom-
ised in writing to deliver up to defendant the note for $586,
and to cancel the same, and that the note for $273.80 is the
same note sued on; that Vanuxem, Waller & Slocum, although

McClellan v. Perry.

often requested by defendant to deliver up the note for $586, have wholly neglected and refused to do so and the same is still outstanding.   To this plea the plaintiff replied that at the time of the settlement of the note for $586, the same was, by the agreement set up in the plea, canceled and satisfied and no longer existed or continued after the date of the settlement as an existing liability of the defendant, and that the aforesaid cancellation and satisfaction of the said note was the true and real consideration of and for the note sued on. Defendant demurred to the replication.   The demurrer was overruled and there being other issues of fact in the case, judgment was afterward given for plaintiff on a trial of such other issues.

The only question we think material on this appeal relates to the sufficiency of the replication above set out.   It was not a statement of facts, but merely the pleader's conclusion.   No fact can be gathered from it that did not already appear in the plea, and if the facts stated in the plea warranted the conclusion found in the replication, the plaintiff could easily have demonstrated it by demurrer to the plea.   But the facts stated in the plea do not warrant the conclusion.   The agreement, of itself, was of no value to the defendant.   The delivery to him of the $586 note was the essential thing.   That was the only prudent agreement he could make, and the other parties having assented to the terms, it is most extraordinary if they, or their assigns, with notice, can set aside this central feature of the contract, and leave the defendant exposed to the hazard of having to pay the $586 note to a purchaser for value before maturity.

We have no hesitation in saying the demurrer to the replication should have been sustained.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*